IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE <br> COMPANY (U.S.A), Individually, and as <br> assignee of ANGELA STUP AND DAWN STUP <br> P.O. Box 111 <br> Boston, Massachusetts 02117 <br><br> Plaintiff, <br><br> v. <br><br> DONALD F. STUP, Jr., Individually, and as <br> Administrator of the <br> Estate of Madaline Stup <br> 537 Woodside Road <br> Pikesville, Maryland 21208 <br><br> Serve on: <br> Donald F. Stup, Jr. <br> 537 Woodside Road <br> Pikesville, Maryland 21208 <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Case No._____ <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## COMPLAINT

COMES NOW the Plaintiff, John Hancock Life Insurance Company (U.S.A.), individually, and as Assignee of Angela F. Stup and Dawn A. Stup, (hereinafter "John Hancock" or Plaintiff) by its attorneys, Scott Trager, Esq., Gregory Emrick, Esq., and Semmes, Bowen, and Semmes, and sues Donald F. Stup, Jr. ("Stup") individually, and as Administrator of the Estate of Madaline Stup, and for cause states:

## INTRODUCTION

1. This is an action to recover an Annuity disbursement errantly paid to Donald F. Stup, Jr., as the Administrator of the Estate of Madaline Stup, where the Annuity identified three individuals as the proper beneficiaries.

## PARTIES

2. John Hancock Life Insurance Company (U.S.A.) is a corporation with its statutory office in Michigan and its administrative office in Massachusetts, and is authorized to do business in the State of Maryland.

3. Defendant Donald F. Stup, jr. is a resident of Pikesville in Baltimore County, Maryland.

4. Defendant Donald F. Stup, Jr. is also the Administrator of the Estate of Madaline Stup, which is being administered in Baltimore County, Maryland and filed with the Baltimore County, Maryland Register of Wills as Estate No. 170088 (the "Estate").

## JURISDICTION

5. This Court has jurisdiction pursuant to Maryland Code Ann., Courts. & Judicial Proceedings Article, §§ 1-501 and 3-409.

## FACTS COMMON TO ALL COUNTS

6. On or about March 11, 1998, Donald F. Stup, Sr. and Madaline Stup executed an Annuity Application with John Hancock Life Insurance Company ("Hancock Annuity"). The initial premium payment for the Hancock Annuity was One Hundred Thirty Six Thousand Two Hundred Sixty Three and 85/100 Dollars ($136,263.85).

2

7. The Hancock Annuity named Donald F. Stup, Sr. and Madaline Stup as joint Owners, and designated their three grandchildren, Angela M. Stup, Dawn A. Stup, and Donald F. Stup, III, as Beneficiaries in equal one-third shares ("Beneficiaries").

8. The Application for the Hancock Annuity states that "[t]he contract (consisting of the application and the attached contract) will take effect as of its Effective Date[.]"

9. Section 2 of the Contract sets forth the disbursement protocol in a jointly owned application. The pertinent provision reads as follows:

> JOINT OWNERS: If joint Owners are named in the application, each joint Owner will be considered sole Beneficiary of each other. An additional Beneficiary should be designated in the application; this Beneficiary's rights will be subsequent to the rights of the joint Owners. If no contingent Beneficiary is designated on the application, upon the death of the second joint Owner, that Owner's Estate will be beneficiary. Upon the death of a joint Owner, the surviving joint Owner becomes sole Owner and will no longer be considered Beneficiary unless affirmatively renamed. If the Owner is also the Annuitant, a new Beneficiary must be named if no additional Beneficiary has been named previously. Signatures of both joint Owners are required for any transactions requiring written notification.

10. John Hancock has direct responsibility for the payment of all claims and benefits and for all other obligations under the Hancock Annuity.

11. Donald F. Stup, Sr. passed away on or about July 16, 2012.

12. Under the express terms and conditions of the Hancock Annuity, upon the death of Donald F. Stup, Sr., Madaline Stup became the sole Owner of the Hancock Annuity.

13. Madaline Stup passed away on or about August 2, 2012.

14. Under the express terms and conditions of the Hancock Annuity, upon the death of Madaline Stup, the designated primary beneficiaries, Angela M. Stup, Dawn A. Stup, and Donald F. Stup, III, became the rightful claimants of the Hancock Annuity Payout.

15. Due to an administrative misunderstanding, John Hancock initially incorrectly believed that the Beneficiaries were designated as contingent beneficiaries, and the proper beneficiary was the Estate.

16. On October 31, 2012, Plaintiff incorrectly issued Stup, as the Administrator of the Estate, a check in the amount of Seven Hundred Three and 09/100 Dollars ($703.09), and another check in the amount of Two Hundred Thirty Three Thousand and 00/100 Dollars ($233,000.00).

17. On November 5, 2012, Plaintiff incorrectly issued to Stup, as the Administrator of the Estate, an additional check in the amount of Sixty Seven and 24/100 Dollars ($67.24). Accordingly, Plaintiff paid a total of $233,770.33 ("Hancock Annuity Payout") representing the total proceeds payable under the Hancock Annuity, to Stup as the Administrator of the Estate.

18. On February 1, 2013, Assignors also filed a claim with the Estate in the amount of the Hancock Annuity Payout paid to it in error.

19. On or about March 27, 2013 two of the beneficiaries, Angela M. Stup and Dawn A. Stup, ("Assignors") filed a lawsuit against John Hancock seeking Two Hundred Thirty Thousand and 00/100 ($230,000.00) of the Hancock Annuity Payout.

20. After the lawsuit by Angela N. Stup and Dawn A. Stup was filed, John Hancock discovered that the payments made to the Estate were not proper under the Hancock Annuity.

21. In June 2013, John Hancock corresponded with the attorney for Donald F. Stup, Jr., as the Administrator of the Estate, requesting return/reimbursement of the Hancock Annuity payments made to the Estate in error. This request was denied.

4

22. In August 2013, John Hancock and the Assignors entered into a Confidential Settlement Agreement and Release which included, among other terms, an assignment to John Hancock of the right to prosecute the claim against the Estate for their respective interests in the Hancock Annuity paid to it in error.

23. Donald F. Stup, Jr., as Administrator of the Estate, has refused to reimburse John Hancock, and/or pay to the rightful Hancock Annuity Beneficiaries, the Hancock Annuity Payout.

## COUNT I
### (Unjust Enrichment)

24. Plaintiff incorporates by reference the factual allegations of Paragraphs 1 through 23.

25. Plaintiff errantly made a payment to Stup, as Administrator of the Estate in the amount of Two Hundred Thirty Three Thousand Seven Hundred Seventy and 33/100 Dollars ($233,770.33) as the presumed beneficiary of the Hancock Annuity taken out by Donald Stup, Sr. and Madeline Stup.

26. Neither Stup nor the Estate is the proper beneficiary of the Hancock Annuity.

27. The payment of the Hancock Annuity Payout conferred a benefit upon Stup and the Estate.

28. Stup was aware of, and had knowledge of, the benefits conferred upon he and the Estate as a result of this payment.

29. Stup's acceptance and retention of the Hancock Annuity Payout made by Plaintiff, of which he was aware neither he nor the Estate were entitled to, make it inequitable for Stup or the Estate to retain these benefits.

5

WHEREFORE, Plaintiff John Hancock, individually, and as assignee, demands judgment against Defendant Stup, individually, and as Administrator of the Estate, in an amount that exceeds Seventy Five Thousand 00/100 Dollars ($75,000.00), plus costs, expenses and attorneys' fees.

## COUNT II
### (Constructive Trust)

30. Plaintiff incorporates by reference the factual allegations of Paragraphs 1 through 29.

31. Plaintiff erroneously made a payment to Stup, as Administrator of the Estate in the amount of Two Hundred Thirty Three Thousand Seven Hundred Seventy and 33/100 Dollars ($233,770.33) as the presumed beneficiary of the Hancock Annuity taken out by Donald Stup, Sr. and Madeline Stup.

32. In May 2013, Plaintiff discovered that the Estate was not the proper beneficiary of the Hancock Annuity Payout, and therefore the payments made to Stup, as Administrator, were in error.

33. Stup obtained possession of the Hancock Annuity Payout due John Hancock's misunderstanding regarding the proper beneficiary under the Hancock Annuity terms.

34. Stup and/or the Estate, have been unjustly enriched by the retaining the Hancock Annuity Payout, which rightfully belongs to Plaintiff and/or the Beneficiaries.

WHEREFORE, Plaintiff John Hancock, individually, and as Assignee, requests that this honorable Court:

1. Charge upon Defendant Stup, individually, as Administrator of the Estate of Madaline Stup, a constructive trust of the Hancock Annuity Payout for the benefit of Plaintiff.

2. Order Defendant Stup, individually, and as Administrator of the Estate of Madaline Stup, a constructive trustee to convey all of his, and/or the Estate's, right, title and interest in the Hancock Annuity Payout in the amount of Two Hundred Thirty Three Thousand Seven Hundred Seventy and 33/100 Dollars ($233,770.33) to Plaintiff; and

3. Award Plaintiff costs, and such other and further relief in law and equity Plaintiff may be entitled to receive.

## COUNT III
### (Declaratory Judgment Under § 3-409)

35. Plaintiff incorporates by reference the factual allegations of Paragraphs 1 through 34.

36. Plaintiff claims an entitlement and right to the return of the Hancock Annuity Payout that was paid to Stup and the Estate in error, and to which neither Stup nor the Estate have a right to retain.

37. Stup has refused to return the Hancock Annuity Payout to Plaintiff, in direct contradiction Plaintiff's claims and requests.

38. There exists an actual controversy of a justiciable issue between Plaintiff and Stup within the jurisdiction of this Court, involving the rights and liabilities of the Parties.

39. A declaratory judgment by this Court will terminate this controversy.

WHEREFORE, Plaintiff John Hancock, individually, and as Assignee, requests that this honorable Court:

1. Adjudicate the rights and liabilities of the parties with respect to the Hancock Annuity Payout in the amount of Two Hundred Thirty Three Thousand Seven Hundred Seventy and 33/100 Dollars ($233,770.33);

2. Award Plaintiff costs of these proceedings; and

3. Award Plaintiff such other and further relief in law and equity Plaintiff may be entitled to receive.

## COUNT IV
### (Trover and Coversion – Retention)

40. Plaintiff incorporates by reference the factual allegations of Paragraphs 1 through 39.

41. Stup received the Hancock Annuity Payout when Plaintiff erroneously determined that the Estate was the proper beneficiary for the Hancock Annuity Payout.

42. Once Plaintiff discovered that the Hancock Annuity Payout was errantly issued to Stup, as Administrator of the Estate, Plaintiff made a demand for reimbursement but Stup has refused Plaintiff's demand.

43. Stup's retention of the annuity Hancock Annuity Payout was intentional, without justification, and constituted a conversion of Plaintiff and/or the Beneficiaries', including Assignors', property.

44. Stup has unjustly detained the Hancock Annuity Payout to which Plaintiff is entitled to immediate possession.

WHEREFORE, Plaintiff John Hancock, individually, and as Assignee, demands judgment against Defendant Stup, individually, and as Administrator of the Estate, in an amount

that exceeds Seventy Five Thousand 00/100 Dollars ($75,000.00), plus costs, expenses and attorneys' fees.

## COUNT V
### (Detinue)

45. Plaintiff incorporates by reference the factual allegations of Paragraphs 1 through 44.

46. Plaintiff has made a demand for the return of the Hancock Annuity Payout erroneously paid to Stup, as the Administrator of the Estate, in error.

47. Stup has unjustly detained the Hancock Annuity Payout to which Plaintiff is entitled to immediate possession.

WHEREFORE, Plaintiff John Hancock, individually, and as Assignee, demands the return of the aforesaid property of Two Hundred Thirty Three Thousand Seven Hundred Seventy and 33/100 Dollars ($233,770.33) from Defendant Stup, , individually, and as Administrator of the Estate, plus damages for its detention, with interest and costs.

## COUNT VI
### (Constructive Fraud)

48. Plaintiff incorporates by reference the factual allegations of Paragraphs 1 through 47.

49. By virtue of his position as the Administrator of the Estate, Stup owed a fiduciary duty to the Beneficiaries, including Assignors. The Beneficiaries reposed trust and confidence in Stup, who had control and influence of all the assets and obligations of the Estate.

50. Stup specifically had the duty and obligation to administer the Estate as directed by the elections made by Donald Stup, Sr. and Madaline Stup in the Hancock Annuity.

51. Stup breached his fiduciary duty intentionally, with malice, and/or with reckless disregard for the Assignors rights by wrongfully accepting and withholding the Hancock Annuity Payout once he was informed of the proper Beneficiaries under the Hancock Annuity.

52. Stup, individually, seeks to gain financially from the retention of the Hancock Annuity Payout, of which he is not a beneficiary, as a beneficiary under the Estate who is entitled to a portion of the Estate disbursement.

53. As a result of Stup's breach, the Plaintiff and Assignors suffered damages.

WHEREFORE, Plaintiff John Hancock, individually, and as Assignee, demands judgment against Defendant Stup, individually, and as Administrator of the Estate, in an amount that exceeds Seventy Five Thousand 00/100 Dollars ($75,000.00), and in punitive damages. plus costs, expenses, interest, and attorneys' fees and such other relief as this Court deems proper.

Respectfully Submitted

*/s/ Scott Trager / GSE*
Scott Trager, Esq.
Semmes, Bowen & Semmes
25 S. Charles Street
Suite 1400
Baltimore, Maryland 21201
Email: strager@semmes.com
Phone: 4.0.539.5040
Facsimile: 410.539.5223

_____
Gregory S. Emrick, Esq.
Semmes, Bowen & Semmes
25 S. Charles Street
Suite 1400
Baltimore, Maryland 21201
Email: gemrick@semmes.com
Phone: 410.539.5040
Facsimile: 410.539.5223

*Attorneys for Plaintiff, John Hancock Life Insurance Company (U.S.A.)*

B1396876.DOCX