IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN HANCOCK LIFE INSURANCE CO. :
(U.S.A.) :
 :
   v. : CIVIL NO. CCB-13-3250
 :
DONALD F. STUP, JR., ET AL. :

...o0o...

**MEMORANDUM**

In late October 2012, acting on the request made by Donald Stup, Jr., as personal representative of the Estate of Madaline Stup ("the Estate"), plaintiff John Hancock Life Insurance Co. ("Hancock") paid to the Estate the proceeds (approximately $230,000) of a joint annuity purchased in 1998 by Madaline and Donald Stup, Sr. Mr. Stup, Sr., predeceased Madaline, who died on August 2, 2012. On February 1, 2013, Angela Stup and Dawn Stup ("Angela and Dawn"), two of the Stups' three grandchildren, filed a claim against the Estate asserting that the proceeds should have been paid to the grandchildren, as contingent beneficiaries, instead of the Estate.[1] Then on March 27, 2013, Angela and Dawn filed suit against Hancock for the $230,000 proceeds. Hancock, without adding the Estate or the third grandchild, Donald Stup III, to the suit, settled the case on September 6, 2013. *See* Marginal Order, *Borkowski et al. v. John Hancock Life Ins. Co.*, Civil No. CCB-13-910 (D. Md. Sept. 6, 2013), ECF No. 13. Earlier, in June 2013, Hancock asked Mr. Stup, Jr., to return the proceeds from the Estate, but he refused.[2] On July 26, 2013, the Estate disallowed Angela and Dawn's

---

[1] The relevant portion of the annuity provides that: "If joint Owners are named in the application, each joint Owner will be considered sole Beneficiary of each other. An additional Beneficiary <u>should</u> be designated in the application; this Beneficiary's rights will be subsequent to the rights of the joint Owners. If no contingent Beneficiary is designated on the application, upon the death of the second joint Owner, that Owner's Estate will be beneficiary. Upon the death of a joint Owner, the surviving joint Owner becomes sole Owner and will no longer be considered Beneficiary unless affirmatively renamed. If the Owner is also the Annuitant, a new Beneficiary must be named if no additional Beneficiary has been named previously." (Am. Compl., ECF No. 4, ¶ 9.)

[2] Apparently he disputes Hancock's current interpretation of the annuity's language.

1

claim. On September 23, 2013, Hancock sued the Estate and Donald Stup, Jr., both individually and as personal representative, in the Circuit Court for Baltimore County, and the suit was removed to this court.

Hancock seeks return of the proceeds on several theories, including unjust enrichment, constructive trust, declaratory judgment, trover and conversion, and detinue. Hancock also seeks to amend the complaint to add Donald Stup III to the case, explaining that he recently requested his share of the proceeds from Hancock. The defendants have filed a motion to dismiss and an opposition to the motion to amend, asserting that all of Hancock's claims are barred by the statute of limitations in Md. Code Ann., Est. & Trusts § 8-103(c) and that, even if the claims against the Estate are not barred, Mr. Stup, Jr., cannot be held personally liable.

First, it appears correct that Mr. Stup, Jr., may not be held personally liable under § 8-109(c), which provides:

> "A personal representative is not individually liable for obligations arising from possession or control of property of the estate or for torts committed in the course of administration of the estate unless he is personally at fault."

*See also First Nat'l Bank of Md. v. Shpritz*, 493 A.2d 410, 419 (Md. App. 1985). Further, any individual liability is that of a disclosed principal under § 8-109(a). Mr. Stup, Jr., did nothing more than request the proceeds of an annuity to be paid to the Estate under an interpretation of the contract language with which, initially, Hancock agreed.

Second, any claim by Hancock directly is barred by the applicable statute of limitations. Sec. 8-103(c) provides that any claim against an estate based on the conduct of a personal representative is barred unless an action is commenced against the Estate within six months of the date the claim arose. Here, the claim arose no later than November 5, 2012, when the last

portion of the annuity proceeds was paid by Hancock to the Estate. Hancock did not file suit until September 23, 2013.

Hancock's assertion that its claims are governed by the three-year statute of limitations in Md. Code Ann., Cts. & Jud. Proc. § 5-101, is contrary to the legislature's intent to expedite the processing of estates by providing a six-month limitations period. *See Imbesi v. Carpenter Realty Grp.*, 744 A.2d 549, 383-84 (Md. 2000). Further, its alternative assertion that its claim only "arose" under § 8-103(c) on March 27, 2013, when Angela and Dawn filed suit against Hancock, is not supportable. Hancock knew that it made the payments to the Estate in October and November 2012. All that was "discovered" in March 2013 was that others disagreed with Hancock's interpretation of the annuity. Accordingly, there is no basis to find the statute of limitations only began to accrue then or to extend the six-month period under the "discovery" rule set forth in *Poffenberger v. Risser*, 431 A.2d 677, 680 (Md. 1981).

Hancock also sues as assignee of Angela and Dawn, who assigned their rights against the Estate to Hancock, as part of the July 2013 settlement. At that point, however, the statute of limitations under § 8-103(c) had expired as to their claim also.

Hancock points to a separate limitations provision under § 8-103(a), which bars all claims against an estate unless presented within six months after the decedent's death. "Presentation" includes submitting a claim to an Estate for payment, as Angela and Dawn did in February 2013. *See* § 8-104(b). There is an additional 60-day period for suit to be filed after a claim is disallowed, as theirs was on July 26, 2013. *See* § 8-107(b). Maryland law, however, distinguishes between claims against an estate arising from an obligation incurred by the decedent before her death, which are governed by the limitations period in § 8-103(a), and those arising after death from some action taken by the personal representative, which are limited by §

3

8-103(c). *First Nat'l*, 493 A.2d at 416. Any claim Angela and Dawn may have had against the Estate for wrongfully obtaining the proceeds of the annuity also is barred, because it is governed by § 8-103(c) and they did not "commence an action" against the Estate within six months after November 5, 2012. *See Grimberg v. Marth*, 659 A.2d 1287, 1291 n.5 (Md. 1995) (noting that commencing an action under § 8-103(c) is distinct from submitting a claim to an estate under § 8-104(a)).

In addition, the notice of disallowance issued with regard to Angela and Dawn's claim, stating the claimants had sixty days to contest the denial, did not waive the statute of limitations or estop defendants from asserting a limitations defense. First, the notice cannot be deemed an express agreement to waive the statute of limitations retrospectively, as it makes no statements with respect to the statute of limitations governing Hancock's assigned claims. *See Ohio Cas. Ins. Co. v. Hallowell*, 617 A.2d 1134, 1141 (Md. App. 1993) (noting that some of the cases in which waiver claims were not upheld were those lacking evidence of representations that limitations would not be pled); *cf. Ahmad v. Eastpines Terrace Apartments, Inc.*, 28 A.3d 1, 7-8 (Md. App. 2011) (finding an express agreement to waive the statute of limitations was not a perpetual waiver without express language stating as such). Second, the notice was issued on July 26, 2013, over two months after the six-month period of limitations had run. Hancock cannot claim its failure to file within the limitations period was a product of its reliance on a statement issued over two months after the period had expired. *See Cunninghame v. Cunninghame*, 772 A.2d 1188, 1207 (Md. 2001) (holding that for a personal representative to be estopped from asserting a limitations defense, he must have taken "some affirmative act or ma[de] some affirmative statement that the claimant reasonably relies upon to the claimant's *detriment* (emphasis added)); *Grimberg*, 659 A.2d at 1291 ("[A] personal representative may be

estopped to assert the statute of limitations as a defense if the *delay* in commencing an action was induced by the personal representative." (emphasis added)). Nor does the fact that the disallowance notice was not issued prior to the statutory deadline constitute grounds for estoppel. *See Cunninghame*, 722 A.2d at 1208 (holding that a personal representative is not estopped by his silence).

Hancock also requests leave to amend the complaint to add Donald Stup III to this case. Donald Stup III, however, does not appear to have filed either a claim or a lawsuit against the Estate at any time. Accordingly, amending the complaint to add him as a party to this suit would be futile, because any claim he may have had against the Estate is time-barred.

For the foregoing reasons, Hancock's motion for leave to file a second amended complaint will be denied and the defendants' motion to dismiss will be granted. A separate order follows.

<u>January 31, 2014</u>                                           <u>/s/</u>
     Date                                                       Catherine C. Blake
                                                             United States District Judge